IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE R. FROST, | ) |
| Plaintiff, | ) Case No. CV 06-173-S-LMB |
| v. | ) **ORDER** |
| GARY LAWSON; KEVIN LAWSON; and LYNN LAWSON; | ) |
| Defendants. | ) |

Currently pending before the Court are Plaintiff's Motion for "Reconsideration of [In Forma] Pauperis Status and Appointment of Counsel" (Docket No. 24), Defendants' Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim for Which Relief Can Be Granted (Docket No. 27), and Plaintiff's Motion to Establish More Material Fact and State a Claim (Docket No. 29). In the interest of avoiding delay and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will address and resolve these pending motions without a hearing. Therefore, having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Order.

**I.**

**BACKGROUND**[1]

On May 2, 2006, Plaintiff, who appears *pro se*, filed a Civil Rights Complaint against Kevin Lawson, Lynn Lawson, and Gary Lawson ("Defendants"). (Docket No. 3). Defendants

---

[1] The background is set forth more fully in the Court's November 15, 2006 Order (Docket No. 23) and is incorporated by reference here.

**ORDER -1-**

moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted. (Docket No. 16). In the alternative, Defendants requested an order for a more definite statement from Plaintiff. *Id*. at p. 1.

By Order dated November 15, 2006 the Court denied Defendants' Motion to the extent they sought dismissal of this action for lack of jurisdiction and failure to state a claim for relief, but granted it as to the request for a more definite statement. *Order* (Docket No. 23). This Order allowed Plaintiff thirty days in which to file an amended complaint containing a more definite statement of his claims. *Id.* at p. 5.

In response, Plaintiff filed two documents. On December 13, 2006, he filed a "Reconsideration of [In Forma] Pauperis Status and Appointment of Counsel," asking the Court to reconsider his requests for in forma pauperis status and for appointment of counsel. (Docket No. 24). Two days later, on December 15, 2006, Plaintiff filed an Amended Complaint. (Docket No. 26).

Defendants have now renewed their Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim for Which Relief Can be Granted (Docket No. 27), and Plaintiff has responded with a Motion to Establish More Material Fact and State a Claim (Docket No. 29). The Court will now consider whether Plaintiff's Amended Complaint should be dismissed.

## II.

### DISCUSSION

It appears that Plaintiff is asking the Court to exercise federal-question jurisdiction in this action pursuant to 28 U.S.C. § 1331. However, although Plaintiff's Amended Complaint states which of his Constitutional rights were allegedly violated by Defendants, this action may be

**ORDER -2-**

dismissed if (1) Plaintiff has failed to state a claim upon which relief may be granted, *see* Fed. R. Civ. P. 12(b)(6); (2) the federal statutes and Constitutional provisions are cited by Plaintiff solely for the purpose of obtaining federal jurisdiction; or (3) Plaintiff's claims are wholly insubstantial and frivolous, *see Bell v. Hood*, 327 U.S. 678 (1946).

### A.     Standards of Law

Subject matter jurisdiction "may be raised by the parties at any time pursuant to Fed. R. Civ. P. 12(h)(3)." *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 n.2 (9th Cir. 2004). In the Ninth Circuit, "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood*." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983). The United States Supreme Court in *Bell* explained that jurisdictional dismissals are warranted "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such a claim is wholly insubstantial and frivolous." 327 U.S. at 682-83.

In other words, any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim may be dismissed on the merits under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Bollard v. California Province of the Soc'y of Jesus*, 196 F.3d 940, 950-51 (9th Cir. 1999). Thus, even if the federal court has jurisdiction on the face of the Amended Complaint, Plaintiff may not have sufficiently alleged a cause of action under Federal Rule of Civil Procedure 12(b)(6). *See Wheeldin v. Wheeler,* 373 U.S. 647, 649 (1963) ("We agree . . . that on the face of the complaint the federal court had jurisdiction. . . . But on the undisputed facts, . . . no federal cause of action can be made out.").

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt

**ORDER -3-**

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See Smilecare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 784 (9th Cir. 1996).  "All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff."  *Id.* at 783-84.

**B.      18 U.S.C. § 241**

Plaintiff concedes that he "incorrectly used" 18 U.S.C. § 241 as a basis for jurisdiction. *See Motion to Establish More Material Fact and State a Claim*, p. 7 (Docket No. 29).  Because § 241 does not provide Plaintiff with a claim in this civil action, it cannot provide a basis for federal question jurisdiction and it fails to state a claim on which relief can be granted.  *See, e.g.*, *Del Elmer v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997); *Lamont v. Haig*, 539 F. Supp. 552, 558 (W.D. S.D. 1982) (violation of federal criminal statutes does not give rise to a civil cause of action); *Pawelek v. Paramount Studios Corp.*, 571 F. Supp. 1082, 1083 (N.D. Ill. 1983) (no private cause of action is inherent in federal criminal statutes defining civil rights violations); *Fiorino v. Turner*, 476 F. Supp. 962, 963 (D. Mass. 1979); *Bryant v. Quintero*, 2001 WL 1018717, *2 (N.D. Cal. Aug. 20, 2001).  For these reasons, Plaintiff's § 241 claim will be dismissed, with prejudice.

**C.      42 U.S.C. § 1983**

To state a § 1983 claim, Plaintiff must allege that he has been deprived of a right secured by the Constitution and laws of the United States and that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997).  Here, the named Defendants–Gary Lawson, Kevin Lawson, and Lynn Lawson–are private citizens.  The under-color-of-state-law element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or

wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted).

In his Motion to Establish More Material Fact and State a Claim, Plaintiff asserts that his "claim was directly violated by the state actors of Owyhee county, Owyhee county court and Owyhee county legal system." (Docket No. 29). Federal Rule of Civil Procedure 10(a), however, requires that a complaint title "include the names of all the parties." Plaintiff did not name Owyhee county as a defendant in either his Complaint or his Amended Complaint. Moreover, there is nothing in the record demonstrating that Owyhee County was served with either complaint and the time for doing so has passed. *See* Fed. R. Civ. P. 4(l), (m). Because Owyhee County is not a party to this action, any potential claims against it will not be considered as a basis for jurisdiction.

Plaintiff asserts that his "civil rights were violated because of" an alleged attack on his person by Defendants Gary and Kevin Lawson. *Motion to Establish More Material Fact and State a Claim*, p. 2 (Docket No. 29). Because it is this alleged attack by private citizens with no connection to Owyhee County that forms the basis for Plaintiff's claims, there are no grounds on which Plaintiff can bring a § 1983 claim against the named Defendants. *Compare Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (explaining that "[w]hile generally not applicable to private parties, a § 1983 action can lie against a private party when 'he is a willful participant in joint action with the State or its agents'")). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" *Kirtley*, 326 F.3d at 1092 (citation and internal quotation marks omitted).

**ORDER -5-**

There are no factual allegations here that indicate Owyhee County is responsible for the attack on Plaintiff, an attack which Plaintiff points to as the basis for this action.[2]  *See Price v. Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991) (requiring more than conclusionary allegations to consider a private party a state actor for the purpose of § 1983).  For all of these reasons, Plaintiff's § 1983 claim appears to be made solely for the purpose of obtaining federal jurisdiction, is frivolous, and does not provide the Court with subject matter jurisdiction.[3]  Additionally, the § 1983 claim will be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it appears beyond doubt that Plaintiff can prove no set of facts in support of this claim which would entitle him to relief.

**D.  Ninth Amendment**

Plaintiff also cites to the Ninth Amendment as a basis for this action.[4]  The Ninth Amendment, however, "has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation."  *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996) (quoting *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991) *cert. denied,* 503 U.S. 951 (1992); *see also Silveira v. Lockyer*, 328 F.3d 567, 575 (9th Cir. 2003) ("The Ninth Amendment, speaking of "rights" rather than

---

[2]  Indeed, Plaintiff's concern with Owyhee County appears to be with its  handling of the complaint Plaintiff made to police about the altercation.  *See Motion to Establish More Material Fact and State a Claim*, pp. 1, 3-6 (Docket No. 29).

[3]  Plaintiff's Fourteenth Amendment claim fails for the same reasons.  To bring a claim under the Fourteenth Amendment, Plaintiff must have a basis for a private remedy grounded on a legislative act of Congress.  *United States v. Georgia*, 126 S. Ct. 877, 881 (2006).  The only legislative act that might provide a remedy for Plaintiff, and the only one cited by Plaintiff, is 42 U.S.C. § 1983.

[4]  The Ninth Amendment states, "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

**ORDER -6-**

"powers," prohibits a construction that would deny unenumerated "rights" to "the people."); *San Diego County Gun Rights*, 98 F.3d at1125 (quoting Laurence H. Tribe, AMERICAN CONSTITUTIONAL LAW 776 n. 14 (2d ed. 1988) ("It is a common error, but an error nonetheless, to talk of 'ninth amendment rights.' The ninth amendment is *not* a source of rights as such; it is simply a rule about how to read the Constitution.") (emphasis in original)).)

In other words, the Ninth Amendment is not "recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748-49 (9th Cir. 1986) (rejecting plaintiffs' § 1983 claim based on the penumbra of the Ninth Amendment in the absence of some specific constitutional guarantee). For this reason, Plaintiff's cite to the Ninth Amendment as a basis for federal-question jurisdiction is frivolous and the Court thus lacks subject matter jurisdiction over this matter. Alternatively, Plaintiff has failed to state a claim on which relief can be granted.

### III.

### CONCLUSION

This action must be dismissed on two grounds. First, it appears that subject matter jurisdiction is lacking because the claims Plaintiff alleged under the Constitution and federal statutes are immaterial, wholly insubstantial, and frivolous. *See Bell*, 327 U.S. at 682-83. As the basis for an alternative ruling, if the exercise of subject matter jurisdiction is considered to be appropriate, this action is dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

Because Plaintiff has already been given an opportunity to amend his complaint to correct its deficiencies, and because it appears that his Amended Complaint cannot be saved by

**ORDER -7-**

allowing another amendment, it is appropriate to dismiss this action with prejudice and without granting leave to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (explaining that "dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment").

Plaintiff's request for reconsideration of the denial of his applications for in forma pauperis status and appointment of counsel (Docket No. 24) is moot by reason of the dismissal of this action. In addition, to the extent Plaintiff's response to Defendants' Renewed Motion to Dismiss–which Plaintiff titled "Motion to Establish More Material Fact and State a Claim" (Docket No. 29)– seeks any relief, it is denied.

## IV.

## ORDER

In accordance with the foregoing reasoning, IT IS HEREBY ORDERED:

1. Defendants' Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim for Which Relief Can Be Granted (Docket No. 27) is GRANTED and this action is DISMISSED in its entirety, with prejudice.

2. Plaintiff's Motion for "Reconsideration of [In Forma] Pauperis Status and Appointment of Counsel" (Docket No. 24), requesting reconsideration of the denial of his applications for in forma pauperis status and appointment of counsel, is DENIED as moot.

3. Plaintiff's Motion to Establish More Material Fact and State a Claim (Docket No. 29)

   is DENIED.



DATED: **April 19, 2007**.

_____
Honorable Larry M. Boyle
U. S. Magistrate Judge

**ORDER -9-**